UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**QUINA PERRY,**
   Plaintiff,
 **-vs-**              **Case No. 13-C-789**

**LAKE VIEW APARTMENTS,**
   Defendant.
------------------------------------------
**QUINA PERRY,**
   Plaintiff,
 -vs-              **Case No. 13-C-790**

**FIVE CORNERS OF FAITH
TRANSITIONAL LIVING,**

   Defendant.
------------------------------------------
**QUINA PERRY,**
   Plaintiff,
 -vs-              **Case No. 13-C-791**

**YWCA TRANSITIONAL LIVING,**

   Defendant.
------------------------------------------
**QUINA PERRY,**
   Plaintiff,
 -vs-              **Case No. 13-C-792**

**HOPE HOUSE,**
   Defendant.
------------------------------------------
**QUINA PERRY,**
   Plaintiff,
 -vs-              **Case No. 13-C-811**

**COMMUNITY HOMES, INC.,**

   Defendant.

**QUINA PERRY,**

        Plaintiff,

        -vs-            **Case No. 13-C-812**

**MCKINLEY GARDENS,**

        Defendant.

--------------------------------------------

**QUINA PERRY,**

        Plaintiff,

        -vs-            **Case No. 13-C-813**

**METROPOLITAN ASSOCIATES,**

        Defendant.

# DECISION AND ORDER

The Court is addressing these complaints all at once because they are mostly interrelated and they were all filed within six days of each other (the first four on July 12, the last three on July 18). Quina Perry's social security disability appeal, Case No. 13-C-742, is not affected by this Order. Ms. Perry is proceeding *pro se* and requests leave to proceed *in forma pauperis*, which means that the Court must determine at the outset if her allegations are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2).

The sheer number of lawsuits filed at the same time, combined with the outlandish requests for relief – e.g., Case No. 13-C-789 ("I would like to propose an

- 2 -

Case 2:13-cv-00790-RTR    Filed 07/28/13    Page 2 of 4    Document 4

offer of 22 billion dollars"); Case No. 13-C-790 ("I propose an offer of 87 billion dollars"); Case No. 13-C-791 ("I would like [to] propose an offer of 90 billion dollars"); Case No. 13-C-792 ("I would like to propose an offer of 80 billion dollars"); Case No. 13-C-812 ("I would like to propose an offer of four million dollars"); Case No. 13-C-813 ("I would like to propose an offer of ten trillion dollars") – strongly suggests to the Court that Ms. Perry has a malicious motive for filing these lawsuits. *See, e.g., Cain v. Commonwealth of Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (a complaint will be deemed malicious where the plaintiff's motive is to harass and vex defendants or if the plaintiff acts in reckless disregard of another's rights, as opposed to seeking redress for a legitimate claim).

Moreover, the Court has reviewed the complaints individually and finds that none of them state a claim upon which relief can be granted. Perry's complaints tell the same basic story: she was denied housing or denied certain housing accommodations because of her race and/or her disability. Perry's allegations are pro forma. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, *show that it is plausible*, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (emphasis added). Perry's tale of rampant discrimination at seemingly every place she attempted to find housing doesn't "hold[] together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Finally, the Court notes one of the complaints, Case No. 13-C-811, is a bit of an outlier, as it alleges that Perry's former employer wrongfully garnished her wages. This complaint also fails to state a claim, and it definitely fails to state a claim under federal law. The parties to this action are not diverse, so the Court would lack subject matter jurisdiction even if it stated an actionable claim. 28 U.S.C. § 1332(a)(1).

The various motions for leave to proceed *in forma pauperis* are **GRANTED**, but all seven of these lawsuits are **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2013.

                                         **BY THE COURT:**

                                         *Rudolph T. Randa*
                                         **HON. RUDOLPH T. RANDA**
                                         **U.S. District Judge**